IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIO REAL ESTATE INVESTMENT
OPPORTUNITIES, LLC,

          Plaintiff,

vs.                                                CIVIL NO.  12-758 KBM/ACT

TESLA MOTORS, INC.,

          Defendant.

## **INITIAL SCHEDULING ORDER**

      This cause is assigned to me for scheduling, case management, discovery and other non-dispositive motions.  A Rule 16 scheduling conference will be held in my chambers, Suite 670, Pete V. Domenici United States Courthouse, 333 Lomas Blvd., N.W., Albuquerque, New Mexico on **Tuesday, September 18, 2012** at **1:30**.

      At the Rule 16 scheduling conference, counsel will be prepared to discuss all claims and defenses, initial disclosures, discovery requests and scheduling, any issues relating to disclosure or discovery of electronically stored information, the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2), and the use of scientific evidence, and whether it is anticipated that a Daubert[1] hearing is needed.  We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Parties represented by counsel need not attend.  If service on all parties is not complete, plaintiff(s) appearing through counsel or *pro se* plaintiff(s) are responsible for notifying all parties of the content of this order.

      The parties, appearing through counsel or *pro se*, will **"meet and confer no later than twenty-one (21) days** prior to the initial scheduling conference to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan.

---

[1] Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

Fed. R. Civ. P. 26(f).  The time allowed for discovery is generally 120 to 180 days.  The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan (JSR) which follows the sample JSR obtainable from the Clerk of the Court.[2]  The blanks for proposed dates should be filled in by the parties.[3]  Plaintiff, or Defendant in removed cases, is responsible for electronically filing the JSR by **September 7, 2012**.  Initial disclosures under Fed. R. Civ. P. 26(a)(1) must be made within fourteen (14) days of the meed-and-confer session.

Parties may not modify case management deadlines on their own.  Good cause must be shown and the Court's express and written approval obtained for any modification of the dates to the case management deadlines that are established by the Court at the scheduling conference.

Counsel are required to comply with the Local Civil Rules of the United States District Court for the District of New Mexico, as well as the Federal Rules of Civil Procedure.  Civility and professionalism will be required of counsel, and counsel must comply with "A Creed of Professionalism of the New Mexico Bench and Bar" (which can be found in the State Bar of New Mexico Bench and Bar Directory).  Counsel must dress appropriately for all court proceedings (gentlemen must wear a coat and tie).

**IT IS SO ORDERED**.

*/s/ Alan C. Torgerson*
ALAN C. TORGERSON
United States Magistrate Judge

---

[2] The form can also be located on the U.S. District Court external website, www.nmcourt.fed.us.

[3] All attorneys <u>must</u> show their complete mailing address and telephone number(s) under the "Appearances" section of the JSR.  DO NOT indicate the witness' address "in care of" the attorney's office.  The city or town of residence of each witness must be included so that the trial judge can take that information into consideration when determining the trial location.