IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIO REAL ESTATE INVESTMENT
OPPORTUNITIES, LLC, a New Mexico
limited liability company,

    Plaintiff,

vs.                                                  Case Number: 1:12-cv-00758-JAP-ACT

TESLA MOTORS, INC., a Delaware
corporation,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on August 28, 2011 between:

Christopher M. Pacheco and LeeAnn Werbelow for Plaintiff.

Andrew G. Schultz for Defendant.

## NATURE OF THE CASE

Plaintiff is a real estate developer in Bernalillo County. Plaintiff alleges that it entered into a development agreement with Defendant whereby Plaintiff would construct a facility for Defendant to manufacture electric cars and Defendant would lease such facility from Plaintiff. Plaintiff further alleges that Defendant breached the agreement and did not proceed with the project or the lease. Plaintiff claims damages for breach of contract, negligent misrepresentation, fraud and breach of the covenant of good faith and fair dealing. Defendant denies these allegations and denies that Plaintiff is entitled to any recovery.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to file:   None at this time.

Plaintiff should be allowed until  **September 15, 2012**   to move to amend the pleadings and until  **September 15, 2012**   to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:   None at this time.

Defendant should be allowed until  **September 15, 2012**   to move to amend the pleadings and until  **September 15, 2012**   to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**STIPULATIONS**

The parties stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties.

The parties are willing to further stipulate to the following facts:

1. Defendant is a Delaware corporation.

2. Plaintiff and Defendant executed a document entitled "Development Agreement" on or about February 19, 2007.

3. Defendant met with Plaintiff to discuss the potential development of a facility for electric vehicle manufacturing in Cordero Mesa Business Park, Bernalillo County, New Mexico.

The parties agree that they will work together in the future to see if further stipulations can be reached.

The parties further stipulate and agree that the law governing this case is:  laws of the State of New Mexico regarding the substantive claims set forth in the complaint and federal procedural law.

**PLAINTIFF'S CONTENTIONS**

In early 2006 Defendant expressed an interest in relocating its automobile production facility (the "Facility") to Bernalillo County, New Mexico. Substantial state and county monies were made available and accepted by Defendant for the Facility. On or around February 19, 2007 then Governor Bill Richardson publically announced that Defendant had chosen Bernalillo County, New Mexico for the relocation of the Facility. Also on February 19, 2007, Defendant and Plaintiff entered into the Development Agreement and both parties executed the binding agreement. The Development Agreement expressly provides that Defendant will enter into a lease agreement for a 150,000 sq. ft. facility in Bernalillo County, New Mexico for a period of not less than ten years and for a rental amount beginning at $1,350,000 per year and adjusted as provided in the Development Agreement. Plaintiff began taking actions to fulfill its obligations under the Development Agreement immediately after the Development Agreement was executed. Plaintiff engaged various third parties to work on the Facility. Plaintiff expended hundreds of hours of time in facilitating the Development Agreement. Plaintiff expended funds on soil reports, obtained governmental approvals designed and engineered parts of the Project, obtained governmental funding to uphold its obligations under the Development Agreement. Despite the binding agreement and the substantial time and funds expended by Plaintiff in reliance on the Development Agreement, Defendant abandoned the Facility. Through all of 2007 and into 2008 Defendant continued to hold meetings with Plaintiff and make changes and demands related to the Project, despite the fact that Defendant intended to abandon the Facility. Defendant breached the Development Agreement, and as a result, Plaintiff incurred substantial monetary damages and loss of rental income.

**DEFENDANT'S CONTENTIONS**

Defendant Tesla Motors, Inc. generally denies Plaintiff's allegations of wrongdoing. Plaintiff's claims are time-barred by the applicable statute of limitations, and are barred, in whole or in part, by the statute of frauds and the doctrines of waiver, estoppel and unclean hands. With regard to the alleged Development Agreement, the agreement is not enforceable in that the inducement of the Development Agreement was based on either a mutual or unilateral mistake as to one or more material elements of the Agreement. The Development Agreement also fails because of the lack of proper consideration. If the parties did enter into any form of enforceable agreement for the construction and lease of a plant to be used for manufacturing electronic vehicles, which specifically is denied, then Plaintiff failed to perform its obligations and is in breach. Moreover, the Development Agreement was preliminary and incomplete, and Plaintiff knew or should have known by the third calendar quarter of 2007 that Tesla was not moving forward with its initial plans to move to New Mexico. Finally, the document speaks for itself and should be read in context, in its entirety, and in conjunction with other related documents and concurrently executed documents.

As for Plaintiff's other claims for relief, Plaintiff's claims for fraud are barred given that Plaintiff failed to allege the circumstances constituting any alleged fraud, negligent misrepresentation and special damages with particularity. And if Plaintiff was injured as alleged, which specifically is denied, then Defendant's conduct was not the actual or proximate cause of Plaintiff's alleged damages, and those injuries and damages were caused by intervening or supervening events unconnected to Defendant or the fault of third parties for which Defendant may not be held responsible. In fact, Defendant's negligence should be compared to the fault of other persons, reducing any recovery against Defendant accordingly.

Finally, Plaintiff should not be allowed any recovery in that Plaintiff failed to mitigate its damages and any such award would constitute unjust enrichment. Plaintiff's claim for punitive damages is unwarranted and is limited in amount by the Constitutions of the United States and the State of New Mexico.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**WITNESSES**

Plaintiff's Witnesses

|     | Witness Name, Title Address | Summary of Testimony |
| --- | --- | --- |
| (1) | Steve Perich<br>Dekker, Perich, Sabatini<br>7601 Jefferson NE, Suite 100<br>Albuquerque, NM 87109 | Plaintiff anticipates Mr. Perich may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development |

|     |     | Agreement. |
| --- | --- | --- |
| (2) | Kevin L. Reid<br>Reid & Associates, LLC<br>6300 Riverside Plaza Lane NW<br>Suite 220<br>Albuquerque, NM  87120 | Plaintiff anticipates Mr. Reid may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; and the time expended and costs incurred by Reid & Investments, LLC in the implementation of the project contemplated under the Development Agreement. |
| (3) | Robin R. Dyche<br>Rio Real Estate Investment Opportunities, LLC<br>7615 Indian School Road NE<br>Albuquerque, NM  87110 | Plaintiff anticipates Mr. Dyche may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development Agreement. |
| (4) | E. Tim Cummins<br>Rio Real Estate Investment Opportunities, LLC<br>7615 Indian School Road NE<br>Albuquerque, NM  87110 | Plaintiff anticipates Mr. Cummins may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development Agreement. |

| | | |
|---|---|---|
| (5) | Dale Dekker<br>Dekker, Perich, Sabatini<br>7601 Jefferson NE, Suite 100<br>Albuquerque, NM 87109 | Plaintiff anticipates Mr. Dekker may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development Agreement. |
| (6) | Sheri Tollefson<br>Dekker, Perich, Sabatini<br>7601 Jefferson NE, Suite 100<br>Albuquerque, NM 87109 | Plaintiff anticipates Ms. Tellefson may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development Agreement. |
| (7) | Chris Gunning<br>Dekker, Perich, Sabatini<br>7601 Jefferson NE, Suite 100<br>Albuquerque, NM 87109 | Plaintiff anticipates Mr. Gunning may be called to testify with respect to all matters set forth in the Complaint, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; the terms and conditions of the Development Agreement; meetings with the local municipality and the county regarding requirements and local standards and the time expended and costs incurred by the various parties involved in the implementation of the project contemplated under the Development |

| | | |
|---|---|---|
| | | Agreement. |
| (8) | Jerry Camilli<br>Cambro Construction | Plaintiff anticipates Mr. Camilli may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to the concrete and asphalt design; and the time expended and costs incurred by Cambro Construction in the implementation of the project contemplated under the Development Agreement. |
| (9) | Kevin Yearout<br>Yearout Mechanical<br>8501 Washington St. NE<br>Albuquerque, NM  87113 | Plaintiff anticipates Mr. Yearout may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to the HVAC design; and the time expended and costs incurred by Yearout Mechanical in the implementation of the project contemplated under the Development Agreement. |
| (10) | Bridgers & Paxton<br>4600 Montgomery Blvd. NE<br>Albuquerque, NM  87109 | Plaintiff anticipates a representative of Bridgers & Paxton may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to engineering on the project; and the time expended and costs incurred by Bridgers & Paxton in the implementation of the project contemplated under the Development Agreement. |
| (11) | James R. Topmiller<br>Bohannan Houston, Inc. | Plaintiff anticipates Mr. Topmiller may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to the project |

|      |                                                                                              |                                                                                                                                                                                                                                                                                                                                                                                              |
|------|----------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      |                                                                                              | engineering; and the time expended and costs incurred by Bohannan Houston, Inc. in the implementation of the project contemplated under the Development Agreement.                                                                                                                                                                                                                           |
| (12) | DKD Electric<br>6801 Academy Pkwy West NE<br>Albuquerque, NM 87109                            | Plaintiff anticipates a representative of DKD Electric may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to the electrical design; and the time expended and costs incurred by DKD Electric in the implementation of the project contemplated under the Development Agreement. |
| (13) | All State Steel<br>203 Murray Rd. SE.<br>Albuquerque, NM 87105                                | Plaintiff anticipates a representative of All State Steel may be called to testify with respect to the attendance of various parties at meetings with Defendant, and required by Defendant to begin the implementation of the project contemplated under the Development Agreement, specifically with regard to the framing and steel design; and the time expended and costs incurred by All State Steel in the implementation of the project contemplated under the Development Agreement. |
| (14) | John Bonney<br>Reid & Associates, LLC<br>6300 Riverside Plaza Lane NW<br>Suite 220<br>Albuquerque, NM 87120 | Plaintiff anticipates Mr. Bonney may be called to testify regarding the general contractor's efforts in coordinating and pricing the project, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; and the time expended and costs incurred by Reid & Investments, LLC in the implementation of the project contemplated under the Development Agreement. |
| (15) | Kyle Bodhaine<br>Reid & Associates, LLC                                                      | Plaintiff anticipates Mr. Bodhaine may be called to testify regarding the general                                                                                                                                                                                                                                                                                                            |

9

|      |                                                                          |                                                                                                                                                                                                                                                                                                                                                                                                                     |
|------|--------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | 6300 Riverside Plaza Lane NW<br>Suite 220<br>Albuquerque, NM 87120       | contractor's efforts in coordinating and pricing the project, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; and the time expended and costs incurred by Reid & Investments, LLC in the implementation of the project contemplated under the Development Agreement. |
| (16) | Bill Smith<br>333 Rio Rancho Blvd, Suite<br>Rio Rancho, NM 87124         | Plaintiff anticipates Mr. Smith may be called to testify regarding the general contractor's efforts in coordinating and pricing the project, including, without limitation, the attendance of various parties at meetings with Defendant, and required by Defendant, to begin the implementation of the project contemplated under the Development Agreement; and the time expended and costs incurred by Reid & Investments, LLC in the implementation of the project contemplated under the Development Agreement. |
| (17) | Rick Homans<br>Former Secretary, Economic Development                    | Plaintiff anticipates Mr. Homans may be called to testify regarding the agreements and negotiations between the State of New Mexico for incentives Defendant was to receive for selecting New Mexico as its new site.                                                                                                                                                                                              |
| (18) | Kelly O'Donnell<br>Former Deputy Secretary<br>Economic Development       | Plaintiff anticipates Ms. O'Donnell may be called to testify regarding the agreements and negotiations between the State of New Mexico for incentives and entitlement packages Defendant was to receive for selecting New Mexico as its new site and Defendant's assurance it would pay all expenses if the project was not completed and lease not entered into.                                                   |
| (19) | Thaddeus Lucero,<br>Former Bernalillo County Manager                     | Plaintiff anticipates Mr. Lucero may be called to testify regarding the agreements and negotiations between the County of Bernalillo for incentives and entitlement packages Defendant was to receive for selecting Bernalillo County, New Mexico as its new site.                                                                                                                                                  |

|      |                                                                                                      |                                                                                                                                                                                                                                                                                                                                                                                       |
|------|------------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| (20) | Alan Armijo<br>Former Chair of Bernalillo County Commissioners                                        | Plaintiff anticipates Mr. Armijo may be called to testify regarding the agreements and negotiations between the State of New Mexico and the County of Bernalillo for incentives and entitlement packages Defendant was to receive for selecting Bernalillo County, New Mexico as its new site.                                                                                         |
| (21) | Dan Guiterrez<br>Former Director Economic Development for Bernalillo County                           | Plaintiff anticipates Mr. Guiterrez may be called to testify regarding the agreements and negotiations between the State of New Mexico and the County of Bernalillo for incentives and entitlement packages Defendant was to receive for selecting Bernalillo County, New Mexico as its new site.                                                                                      |
| (22) | Gary Tonges<br>Albuquerque Economic Development<br>851 University Blvd. SE, Suite 203<br>Albuquerque, NM 87106 | Plaintiff anticipates Mr. Tonges may be called to testify regarding the agreements and negotiations between the City of Albuquerque, the County of Bernalillo and the State of New Mexico for incentives and entitlement packages Defendant was to receive for selecting Albuquerque, New Mexico as its new site and Defendant's assurance it would pay all expenses if the project was not completed and lease not entered into. |
| (23) | Eion Musk<br>CEO of Tesla, Inc.<br>c/o Andy Schultz<br>Rodey Law Firm<br>P.O. Box 1888<br>Albuquerque, NM  87103 | Plaintiff anticipates Mr. Musk may be called to testify regarding the agreements and negotiations of terms of the Development Agreement, the City of Albuquerque, the County of Bernalillo and the State of New Mexico for incentives and entitlement packages Defendant was to receive for selecting Albuquerque, New Mexico as its new site Defendant's commitment to complete the project and Defendant's decision to breach the Development Agreement and not relocate to New Mexico. |
| (24) | Ron Lloyd<br>Former Tesla, Inc. Employee<br>c/o WildPackets Inc.<br>1340 Treat Blvd<br>Suite 500<br>Walnut Creek, CA 94597 | Plaintiff anticipates Mr. Llyod may be called to testify regarding the agreements and negotiations of terms of the Development Agreement, the City of Albuquerque, the County of Bernalillo and the State of New Mexico for incentives and entitlement |

11

|  |  | packages Defendant was to receive for selecting Albuquerque, New Mexico as its new site and Defendant's commitment to complete the project. |
|---|---|---|

Defendant's Witnesses

A.   Current Tesla employees

   c/o  Andrew Schultz
   Rodey, Dickason, Sloan, Akin & Robb, P.A.
   P.O. Box 1888
   Albuquerque, NM  87103

   1.   Diarmuid O'Connell
        Vice-President, Business Development

        It is anticipated that Mr. O'Connell will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  He also may testify concerning the parties' performance under these agreements.

   2.   Yannick Roux
        Manufacturing Engineer

        It is anticipated that Mr. Roux will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  He also may testify concerning the parties' performance under these agreements.

   3.   Elon Musk
        Chairman of the Board

        It is anticipated that Mr. Musk will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  He also may testify concerning the parties' performance under these agreements and Tesla's decision to locate its manufacturing plant in California.

    4.    Michael Taylor
          Vice-President, Finance

          It is anticipated that Mr. Taylor will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties. He also may testify concerning the parties' performance under these agreements.

B.    <u>Former Tesla Employees</u>

    1.    Ron Lloyd
          former Vice-President of Advanced Engineering
          Last known address:   854 Montevino Dr.
                                    Pleasanton, CA 94566

          It is anticipated that Mr. Lloyd will testify regarding the technical specifications required for the Tesla manufacturing facility.

    2.    John Thomas
          former Director of Manufacturing.
          Address unknown at present time

          It is anticipated that Mr. Thomas will testify regarding the technical specifications required for the Tesla manufacturing facility.

    3.    Martin Eberhard
          former Tesla CEO
          Last known address:   300 Allen Road
                                    Woodside, CA  94062

          It is anticipated that Mr. Eberhard will testify regarding Tesla's consideration of various sites for its manufacturing facility and its decision as to where ultimately to locate this facility. He also may testify about the announcement that Tesla may locate in New Mexico and the execution of the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.

    4.    Michael Marks
          former interim CEO
          Address unknown at present time

          It is anticipated that Mr. Marks will testify regarding Tesla's consideration of various sites other than New Mexico for its manufacturing facility

    5.    Ze'ev Drori
          former Tesla CEO
          Last known address:  48 Beverly Park
                                     Beverly Hills, CA  90210

          It is anticipated that Mr. Drori will testify regarding Tesla's consideration of various sites for its manufacturing facility.

C.    <u>Other Witnesses</u>

    1.    Robin Dyche
          Rio Real Estate Investment Opportunities, LLC
          c/o Christopher M. Pacheco
          Lastrapes, Spangler & Pacheco, P.A.
          P.O. Box 15698
          Rio Rancho, NM  87174

          It is anticipated that Mr. Dyche will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  He also may testify concerning the parties' performance under these agreements and Plaintiff's claimed damages in this litigation.

    2.    Tim Cummins
          Rio Real Estate Investment Opportunities, LLC
          c/o Christopher M. Pacheco
          Lastrapes, Spangler & Pacheco, P.A.
          P.O. Box 15698
          Rio Rancho, NM  87174

          It is anticipated that Mr. Cummins will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  He also may testify concerning the parties' performance under these agreements and Plaintiff's claimed damages in this litigation.

    3.    Representative of Westside Economic Investments, LLC
          Address unknown at present time

          Rio Real Estate Investment Opportunities is the Managing Member Westside Economic Investments.  It is anticipated that this representative will testify regarding the pre-construction costs expended in relation to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.  This representative also may testify concerning the parties' performance under these agreements and Plaintiff's claimed damages in this litigation.

4. Representatives from the following companies:
Addresses unknown at present time

    a. Dekker, Perich, Sabatini
    b. Reid & Associates
    c. Cambro
    d. Yearout Mechanical
    e. Bridgers & Paxton
    f. Bohannan Houston, Inc.
    g. DKD Electric
    h. Allstate Steel
    i. Company preparing soils reports

Plaintiff has alleged that each of these companies performed work or provided services in connection with proposed site(s) for a manufacturing facility in New Mexico. It is anticipated that these representatives will testify regarding the work they performed or services they provided, the terms and conditions governing such work or services, and the bills submitted to, and amounts received by, Rio Real Estate Investment Opportunities.

5. Representatives from the State of New Mexico
Addresses unknown at present time

These representatives may include Rick Homans, former Secretary of Economic Development, Kelly O'Donnell, former Deputy Secretary of Economic Development. It is anticipated that these representatives will testify regarding the pertinent discussions and negotiations related to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties. They also may testify concerning legislative and other governmental action taken in relation to these Agreements.

6. Representatives of Bernalillo County
Addresses unknown at present time

It is anticipated that these representatives will testify regarding legislative and other governmental action taken in relation to the "Development Agreement" with Plaintiff and the "Economic Development Agreement" with the State of New Mexico and Affiliated Parties.

7.  Representatives of City of Albuquerque/Albuquerque Economic Development
    Addresses unknown at present time

    These representatives may include Gary Tonjes President at Albuquerque Economic Development. It is anticipated that these representatives will testify regarding work with the State of New Mexico on the approval of industrial revenue bonds.

8.  Representative of SunCal Corporation
    Addresses unknown at present time

    It is anticipated that this representative will testify regarding the conveyance of land abutting the proposed site of the manufacturing facility in the Cordero Mesa Business Park.

9.  Representative of First Community Bank
    Addresses unknown at present time

    It is anticipated that this representative will testify regarding a potential loan to Tesla for construction of the manufacturing facility in New Mexico.

**EXHIBITS**

Plaintiff's Exhibits

Plaintiff has not yet identified all exhibits and reserves the right to supplement the foregoing list after the close of discovery, however, preliminarily, Plaintiff anticipates introducing the following exhibits:

(1) Development Agreement between Tesla Motors, Inc. and Rio Real Estate Investment Opportunities, LLC dated February 29, 2007
(2) Correspondence between Plaintiff and Tesla
(3) Meeting agendas, notes, proposals and attendance rolls from 2007 and 2008 regarding the project for Defendant contemplated under the Development Agreement *
(4) Schedules of action items from all meetings with Defendant regarding the project contemplated under the Development Agreement during 2007 and 2008 *
(5) Any and all drawings, plans and/or specifications regarding the project contemplated under the Development Agreement *

* provided to Defendant via paper binder and electronically on disk and provided to Defendant's counsel electronically on disk

16

Defendant's Exhibits

1. "Development Agreement between Tesla Motors, Inc. and Rio Real Estate Investment Opportunities" dated February 19, 2007 (we have yet to receive, review a complete copy);

2. "Economic Development Agreement between Tesla Motors, Inc, State of New Mexico, and Affiliated Parties" dated February 19, 2007;

3. Communications between representatives of Rio Real Estate Investment Opportunities, Tesla Motors, the State of New Mexico and other companies regarding the status of the proposed site(s) for a manufacturing facility in New Mexico.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Plaintiff's Experts

(1) Richard Diller
NAI Maestas & Ward
Commercial Real Estate
6801 Jefferson NE
Albuquerque, NM  87109

Area of Expertise:  Commercial Brokerage

Plaintiff anticipates Mr. Diller may be called to testify regarding value of the project contemplated under the Development Agreement if sold upon completion and occupancy by Defendant pursuant to the Development Agreement and lease terms contained therein.

(2) Brian McDonald
Director at University of New Mexico Bureau of Business & Economic Research
1919 Las Lomas NE
Albuquerque, NM 87106

Area of Expertise:  Economist

Plaintiff anticipates Mr. McDonald will testify regarding the total value of losses resulting from Defendant's breach of the Development Agreement.

Defendant's Experts

Defendant has not identified any expert witnesses at the present time.

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

1. Circumstances surrounding negotiation and execution of February 2007 "Development Agreement between Tesla Motors, Inc. and Rio Real Estate Investment Opportunities";

2. Circumstances surrounding negotiation and execution of February 2007 "Economic Development Agreement between Tesla Motors, Inc, State of New Mexico, and Affiliated Parties;

3. Plaintiff's performance of all obligations set forth in the February 2007 "Development Agreement between Tesla Motors, Inc. and Rio Real Estate Investment Opportunities":

4. Performance by State of New Mexico and Affiliated Parties of all obligations set forth in the February 2007 "Economic Development Agreement between Tesla Motors, Inc, State of New Mexico, and Affiliated Parties";

5. Plaintiff's efforts to sell, lease, develop or otherwise use the proposed facility site in Cordero Mesa Business Park, Bernalillo County, New Mexico; and

6. Actual damages incurred by Plaintiff.

Maximum of  **25**  interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of  **30**  requests for admission by each party to any other party.  (Response due  **30**  days after service).

Maximum of  **10**  depositions by Plaintiff and  **10**  by Defendant.

Each deposition (other than any timely disclosed expert witness) limited to maximum of **7**  hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by  **November 2, 2012** .

    from Defendants by  **December 3, 2012** .

Subpoenas for production of documents will be served on non-parties.

Supplementation under Rule 26(e) due **December 30, 2012** *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by **January 25, 2013**.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

### PRETRIAL MOTIONS

Plaintiff intends to file:  Motion for Partial Summary Judgment on Liability after the conclusion of discovery

Defendant intends to file:  Motion(s) to dismiss or for partial dismissal
Motion for Summary Judgment after the conclusion of discovery

### ESTIMATED TRIAL TIME

The parties estimate trial will require **3** days.

**X** This is a non-jury case.

\_\_\_\_ This is a jury case.

The parties request a pretrial conference **30 days before trial**.

### SETTLEMENT

The possibility of settlement is unknown at the present time, but may be enhanced by use of the following alternative dispute resolution procedure: mediation. The parties request a settlement conference in **February 2013**.

### EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS

LASTRAPES, SPANGLER & PACHECO, P.A.


By         */s/ LeeAnn Werbelow*                          .
        Christopher M. Pacheco
        LeeAnn Werbelow

*Attorneys for Plaintiff*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By         */s/ Andrew G. Schultz*                          .
        Andrew G. Schultz

*Attorneys for Defendant*