IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIO REAL ESTATE INVESTMENT
OPPORTUNITIES, LLC, a New Mexico
limited liability company,

        Plaintiff,

vs.                                 Case Number: 1:12-cv-00758-JAP-ACT

TESLA MOTORS, INC., a Delaware
corporation,

        Defendant.

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## AND
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**COMES NOW** Plaintiff, by and through its attorneys, Lastrapes, Spangler & Pacheco,

P.A. (By: Christopher M. Pacheco and LeeAnn Werbelow), and for its Response to Defendant's

Motion to Dismiss states that Plaintiff has properly set forth claims for (I) Breach of Contract;

(II) Breach of the Covenant of Good Faith and Fair Dealing; and (III) Fraud upon which relief

can be granted and Defendant's Motion to Dismiss should be denied and submits the following

in support.

## MOTION TO DISMISS STANDARD

Defendant's Motion to Dismiss seeks a dismissal of three of the claims asserted by

Plaintiff in its Complaint, (I) Breach of Contract; (II) Breach of the Covenant of Good Faith and

Fair Dealing; and (III) Fraud. Under Rule 12(b)(6), a complaint may be dismissed for failure to

state a claim upon which relief can be granted. Fed. R. Civ. P. Rule 12(b)(6). In reviewing a

motion to dismiss, a court must assume the truth of the Plaintiff's well-plead factual allegations

and view them in the light most favorable to the plaintiff to determine whether the complaint

1

contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Further, all factual allegations in the complaint should be accepted as true and all reasonable inferences should be drawn in favor of the nonmoving party. *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).

## ARGUMENT

I.     **Breach of Contract**.

A.     *The Development Agreement is an enforceable contract.*

The Development Agreement is a legally enforceable contract. The Defendant contends the Development Agreement is an "agreement to agree". However, the language of the Development Agreement does not support this contention. The Development Agreement's introductory paragraph states:

> This Agreement contains the ***principal terms*** with respect to the relationship between Tesla Motors, Inc. ("Tesla") and Rio Real Estate Investments, LLC ("Developer")…

*See* Development Agreement at Page 1 (*emphasis added*).

Further, the Development Agreement states:

> The parties contemplate that successor agreements will be drafted between Plaintiff and Tesla that reflect the following terms and effect the relationship contemplated herein. ***However***, the parties agree that ***unless*** and ***until*** such agreement is signed this Agreement represents the spirit of the overall agreement and good faith commitment by the parties to perform the obligations described herein.

See Development Agreement at Page 1 (*emphasis added*).

The Development Agreement expressly states that the principal terms are set forth within the Development Agreement. *See* Development Agreement at Page 1. Further, the parties

2

acknowledge that, while they contemplate that additional agreements will be drafted, they expressly agree in the event such additional agreements are not entered into, the parties will perform the obligations set forth in the Development Agreement. *See* Development Agreement at Page 1, Successor Agreement.

The parties agreed upon all of the essential terms of the a lease for the Facility within the Development Agreement, including the location, the plans for the Facility, a minimum of term ten years and the rental rates. *See* Development Agreement.

In support of its contention that the Development Agreement is not a contract, Defendant sets forth several bullet points of contingencies which are contained within the Development Agreement. *See* Motion to Dismiss at Pages 8-9. Defendant appears to be contending that because there are contingencies within the Development Agreement, the parties did not intend the Development Agreement to be a contract and thus it is not enforceable. The fact that a contract has contingencies does not limit its enforceability. *See Republic Nat. Life Ins. Co. v. Red Lion Homes, Inc.*, 704 F.2d 484, 486 (10th Cir. 1983).

Defendant likens the Development Agreement to a non-binding letter of intent, such as in a real estate purchase transaction. A letter of intent sets forth certain terms, but generally expressly provides that it is non-binding. The Development Agreement is titled as an agreement and referenced as an agreement throughout. There is no language that supports that the Development Agreement is merely a letter of intent, non-binding or an agreement to agree. The Development Agreement, unlike a non-binding letter of intent, actually contemplates that if no additional agreements are signed, the Development Agreement represents the agreement between the parties. Instead, the Development Agreement is parallel to a purchase agreement in a real estate land transaction. A typical purchase agreement sets forth that the parties will enter into

3

additional documents at some future closing date, for example a deed. A deed is necessary to effectuate the deal between the parties, i.e. the transfer of the property from seller to buyer. However, that the deed is not drafted, agreed to and executed at the time of signing of a purchase agreement does not render the purchase agreement void or unenforceable. After all contingences are met, if either a seller or buyer attempts to back out of a purchase agreement, a breach of contract claim exists, despite the fact that all documents contemplated by the parties as necessary to effectuate the transfer and closing were not complete. The instant case presents the same scenario, it is Plaintiff's assertion that the contingencies which were necessary for Defendant to enter into the Lease were satisfied and thus, by failing to enter into the Lease, Defendant's breached their obligations under the Development Agreement. Whether or not the contingencies were actually met is a question of fact to be determined at trial.

Under New Mexico law, whenever there is conflicting evidence, whether an offer and acceptance existed are questions of fact. *Shively v. Santa Fe Preparatory School, Inc.*, 21 Fed.Appx. 875, 878 (10th Cir. 2001). When the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist. *Talbott v. Roswell Hospital Corp.*, 2005-NMCA-109, ¶12, 138 N.M. 189, 193, 118 P.3d 194, 198. The Development Agreement consists of approximately eight pages laying out the understanding and agreement between the parties with regard to the Facility, the Project, the Lease and its terms, and each party's obligation to one another. It is a reasonable inference that the Development Agreement represents a contract setting forth the understanding and agreement between the parties, and such understanding and agreement is binding. Therefore, a motion to dismiss is not proper.

4

**B.     The Complaint contains a short and plain statement of the breach of contract claim evidencing that Plaintiff is entitled to relief, therefore, Plaintiff met the applicable standard and properly pled a claim for breach of contract.**

Defendant contends that Plaintiff failed to properly plead its breach of contract claim. To be properly pled, a complaint must evidence a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. Rule 8. Here, Count I of the complaint for breach of contract meets this standard.

Plaintiff's Complaint, in applicable part, alleges that Plaintiff and Defendant entered into a Development Agreement dated February 19, 2007, a copy of the Development Agreement is attached to the Complaint as Exhibit A. *See* Complaint at ¶7. In accordance with the Development Agreement, Plaintiff was to construct a 150,000 square foot facility (the "Facility") for the use of manufacturing electronic vehicles (the "Project"). *See* Complaint at ¶8. The Defendant was to lease the Facility for a period of ten (10) years. *See* Complaint at ¶9. The Development Agreement sets forth the rental amounts for the Facility and bonuses that were agreed upon for the Project. *See* Complaint at ¶¶10 and 11. Defendant failed to enter into a lease for the Facility and pay the agreed upon rents. *See* Complaint at ¶¶15 and 20. Plaintiff expended funds for soil tests, obtained governmental approvals, designed and engineered parts of the Project, obtained commitments for governmental funding and otherwise satisfied its obligations under the Development Agreement. *See* Complaint at ¶ 14. Plaintiff suffered damages as a result of Defendant's breach. *See* Complaint at ¶¶16 and 22.

Under New Mexico law, a complaint on a breach of contract must allege (1) existence of a valid and binding contract; (2) Plaintiff's compliance with the contract and performance of its obligations thereunder; (3) a general averment of the performance of any condition precedent;

5

and (4) damages suffered as a result of defendant's breach. *McCasland, v. Prather*, 92 N.M. 192, 194, 585 P.2d 336, 338 (1978). Plaintiff's Complaint alleges:

(1) The Development Agreement is a binding and enforceable contract. See Complaint at ¶18;

(2) Plaintiff expended funds for soil tests, obtained governmental approvals, designed and engineered parts of the Project, obtained commitments for governmental funding and otherwise satisfied its obligations under the Development Agreement. *See* Complaint at ¶ 14. Plaintiff undertook the performance of its obligations under the Development Agreement. See Complaint at ¶ 19;

(3) Defendant abandoned the development of the Project, breached its obligation to enter into a lease agreement and failing to pay the rental amounts agreed to under the Development Agreement, and otherwise breached the Development Agreement. See Complaint at ¶ 20. Defendant's actions were a breach of the Development Agreement. See Complaint at ¶ 22; and

(4) As a direct and proximate cause of Defendant's breach, Plaintiff has suffered and continues to suffer general, special and consequential damages. See Complaint at ¶ 22.

Each of the elements of breach of contract was properly pled by Plaintiff with a short and plain statement of the claim showing that the pleader is entitled to relief. Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants and should not raise barriers which prevent the achievement of that end. *Stewart-Warner Corp. v. Lincoln Engineering Co. of Illinois*, 22 F.Supp. 585, 587 (D.C.Ill. 1938).

Defendant contends that the Motion to Dismiss should be granted because Plaintiff's allegations to support its claim for breach of contract are insufficient on its face. Motion to Dismiss at Page 10. Defendant also expressly contends that Plaintiff failed to assert in the Complaint that the contingencies contained within the Development Agreement were satisfied. Plaintiff expressly pled that "Plaintiff expended funds for soil tests, obtained governmental approvals, designed and engineered parts of the Project, obtained commitments for governmental funding and otherwise satisfied its obligations under the Development Agreement." *See* Complaint at Paragraph 14. A court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offence necessary for recovery. *Friedman v. City of Overland*, 935 F. Supp. 1015, 1017 (E.D.Mo. 1996). A generalized summary of the case that affords fair notice is all that is required. *Rogers v. Dwight*, 145 F. Supp. 537, 538 (D.C. Wis. 1956). Under the 'notice' theory of pleading it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given. *Id.* Plaintiff, in pleading its breach of contract claim, has far exceeded the minimum standard required by Fed.R.Civ.P. Rule 8 and Fed.R.Civ.P. Rule 12(b).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the issue in not whether plaintiff will ultimately prevail, but whether plaintiff is entitled to offer evidence to support its claim. *Johnson County Airport Cm'n v Parsonitt Co., Inc.*, 916 F.Supp. 1090, 1092 (D. Kan. 1996). The threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low". *Bunike V. Alabama Bd. Of Nursing State of Ala.* 871 F.Supp. 1437, 1438 (M.D. Ala. 1994). Plaintiff has properly pled its breach of contract claim and dismissal is not proper.

7

## II.   Breach of the Covenant of Good Faith and Fair Dealing

*Plaintiff has adequately pled its breach of contract claim and thus the claim for breach of the covenant of good faith and fair dealing is proper should not be dismissed.*

Defendant's only support for its contention that Count IV, Breach of the Covenant of Good Faith and Fair Dealing, of the Complaint should be dismissed is that without a claim for breach of contract, Plaintiff has no cause of action of breached of implied covenant of good faith and fair dealing. However, Plaintiff's claim for breach of contract was properly pled. Plaintiff has plead (1) Defendant has an implied duty of good faith and fair dealing to Plaintiff under the Development Agreement. *See* Complaint at ¶37; (2) Defendant acted in bad faith by purposely failing to enter into the Lease, failing to complete the Project, and abandoning the Project. *See* Complaint at ¶38; and (3) As a proximate result of Defendant's breach of duty of good faith and fair dealing, Plaintiff has suffered and will continue to suffer general, special and consequential damages. *See* Complaint at ¶39. Under New Mexico law, whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement. *City of Raton v. Arkansas River Power Authority*, 611 F.Supp.2d 1190, 1199 (D.N.M. 2008). Whether there has been a breach of the covenants of good faith and fair dealing is a factual inquiry that focuses on the contract and what the parties agreed to. *Gilmore v. Duderstadt*, 1998-NMCA-086, ¶22, 125, N.M. 330, 337, 961 P.2d 175, 182. Therefore, given Plaintiff properly pled its breach of contract claim, its claim for breach of the covenant of good faith and fair dealing is proper and should not be dismissed.

III.   **Fraud**

***Plaintiff's Count III, Fraud, of the Complaint complied with the requirements of Rule 9(b).***

     In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed.R.Civ.P. Rule 9(b). Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *Id.* Plaintiff alleges that Defendant represented to Plaintiff that it would lease the Facility and operate an electronic vehicle manufacturing plant on the Property. *See* Complaint at ¶ 24. Specifically, during 2007 and 2008, Defendant engaged in substantial meetings and planning regarding the Project. *See* Complaint at ¶ 25. The actions of Defendant in intentionally concealing their intent to abandon the project after over a year of perpetual preparations constitute fraud. The circumstances under which Defendant perpetrated fraud on on Plaintiff were plead with particularity in accordance with Fed.R.Civ.P. Rule 9(b).

     **WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Deny Defendant's Motion to Dismiss;

B.     Award Plaintiff its attorney fees and costs incurred in responding to the Motion to Dismiss; and

C.     Grant any additional relief as the Court deems proper.

Respectfully submitted,

**LASTRAPES, SPANGLER & PACHECO, P.A.**

By: _____
Christopher M. Pacheco
LeeAnn Werbelow

9

Attorneys for Plaintiff
Post Office Box 15698
Rio Rancho, New Mexico 87174
Telephone: (505) 892-3607
Facsimile: (505) 892-1864

I hereby certify that a true and
correct copy of the foregoing was
mailed to all parties entitled to notice
this 29th day of October, 2012.

_____
Christopher M. Pacheco

10