IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Clerk's Minutes

Before the Honorable James A. Parker

**Case No.** Civ. No. 12-758 JP/ACT         **Date:** Feb. 14, 2013

**Title:** *Rio Real Estate Investment Opportunities, LLC v. Tesla Motors, Inc.*

**Courtroom Clerk:** Chris Baca         **Court Reporter:** John de la Rosa

**Court Interpreter:** None

**Court in Session:**   3:00  p.m.   **Court in Recess:** 3:55 p.m.   **Total Court Time:** 55 minutes

**Type of Proceeding:** Hearing on Defendant Tesla Motors, Inc.'s Motion for Partial Dismissal (Doc. No. 14), filed Oct. 16, 2012.

**Court's Rulings/Disposition:** Court will dismiss without prejudice Count III of the Complaint and allow Plaintiff until March 5, 2013 to amend the complaint to add a fraud claim consistent with Fed. R. Civ. P. 9(B) and Fed. R. Civ. P. 11.

**Order consistent with court's ruling to be prepared by:** Court

    **Deadline for submission of order to court:**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**

    Christopher Pacheco and Lee Ann Werbelow

**ATTORNEYS PRESENT FOR DEFENDANT(S):**

    Andrew Schultz and Nicolas Sydow

PROCEEDINGS:

3:00 p.m.       COURT IN SESSION

    Mr. Schultz argues that the Complaint and its attachment are subject to a Fed. R. Civ. P. 12(b)(6) analysis, not a summary judgment analysis.

    Mr. Pacheco notes that Plaintiff consists of two principals.

    The parties agree to strike the position paper portion of Exhibit A (attached to Complaint).

    Mr. Pacheco discusses the factual background surrounding the Development Agreement and the progress made towards accomplishing the Project.

Counsel discuss Count III, the fraud claim, as well as the extent that discovery has been completed. Judge Parker determines that Count III should be dismissed without prejudice and that Plaintiff should have until March 5, 2013 to amend the complaint to add a fraud claim consistent with Rule 9(B) and Rule 11.

Next, counsel discuss Count I, the breach of contract claim. In particular, counsel argue whether the Development Agreement contains material terms.

Counsel then discuss Count IV, the breach of the covenant of good faith and fair dealing claim. Mr. Pacheco states that this claim is tied solely to the contract claim and is not a tort claim.

Finally, Mr. Schultz explains why counsel filed a Joint Motion to Amend Case Management Deadlines and Order Setting Rule 16 Settlement Conference (Doc. No. 27). Counsel need more time to arrange depositions in California and want to hold the settlement conference at a later date. Counsel, however, do not need to vacate the trial date.

3:55 p.m.	COURT IN RECESS